Colcock, J.
delivered the opinion of the Court.
There is no principle, nor any decided case, on the authority of which this action can be maintained. It is conceded, that an execution duly entered in the sheriff’s office binds all the defendant’s property; and under it the property may be taken and sold in satisfaction, although found in the possession of third persons. *238 But this general lien will certainly not authorize the creditor .to recover from a buna fide purchaser for a valuable consideration, the pj'ice which he may have paid for the debtor’s property; and he might with equal propriety maintain an action for that purpose, as for the recovery of the price which the purchaser receives, if he afterwards sells the property to another. The lien is on the property alone; and a third person coming into possession of it incurs no personal liability to the creditor: neither has the latter any specific claim to the property, but only a general right to the satisfaction of his debt out of whatever belongs to his debtor. And it would be carrying the doctrine of general liens to an extent, which would tend to destroy all interchange of property in this country, and introduce the utmost confusion in business, if every one, through whose hands the property might happen to pass, should be liable for the value to the creditor.
The case from 2 Bay, does not apply. There the plaintiff had a specific lien on the land; but the decision went on the ground, that the sheriff, whose business it was to pay the proceeds of the sale to the senior lien, had by mistake paid it over to one which was junior. That case too went quite far enough, to say no more.
Motion refused.